IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REV. MORRIS JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-0070 |
| OFFICER [ F/N/U] BLOCK, | ) Judge Campbell |
| AGENT SONJA [L/N/U], and | ) |
| GRAYHOUND BUS, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Rev. Morris Jackson proceeds *pro se* and *in forma pauperis.* His complaint (ECF No. 1) is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the complaint must be dismissed.

### I. FACTUAL ALLEGATIONS

The plaintiff names as defendants "Officer Block," "Agent Sonja," and "Grayhound Bus," presumably meaning Greyhound Lines, Inc. (hereinafter, "Greyhound"). In his complaint, the plaintiff states that he purchased a Greyhound bus ticket from Georgia to Chicago. However, upon arriving in Tennessee, he was told to vacate the bus. While waiting in the terminal for the next bus, he fell asleep. The bus he was supposed to get on left without him, and he was told that he had to buy another ticket. He states that he believes Greyhound has a "sham policy against its customers" pursuant to which its bus announcements are so quiet that waiting customers cannot hear them to know when their bus is leaving. (ECF No. 1, at 1.)

The plaintiff adds that defendant "Officer Block" is not a Greyhound employee and should not have "any say" about Greyhound's policies. (*Id.* at 2.) The plaintiff's allegations are difficult to decipher, but he appears to state that Block instigated some misconduct and acted contrary to policy when he objected to the plaintiff's "filling a can of pop," treated the plaintiff with disrespect, and caused two other employees to "follow his lead." (*Id.*) "His conduct was preparatory to having Plaintiff put out of bus depot." (*Id.*)

In addition, defendant "Agent Sonja" knew that the plaintiff had a valid, unused ticket, as a result of his missing his bus, but nonetheless made the plaintiff spend his last $20.00 to buy a new ticket.

The plaintiff insists that the defendants were acting under "color of law" and knowingly violated 18 U.S.C. §§ 241 and 242.

## II.  STANDARD OF REVIEW

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted).

## III. DISCUSSION

By any standard, the complaint in this case does not supply sufficient facts to plausibly state a claim for relief. As an initial matter, the Court notes that the statutes cited as the basis for the Court's jurisdiction, 18 U.S.C. §§ 241 and 242, are criminal statutes. The plaintiff does not have standing to bring a civil lawsuit based on the violation of criminal statutes. *See Booth v. Henson*, 290 F. App'x 919, 920–21 (6th Cir. 2008) (affirming dismissal of the plaintiff's claims on the basis that he, as a private citizen, lacked standing to file an action under criminal statutes 18 U.S.C. §§ 241 and 242); *Kafele v. Frank & Woolridge Co.*, 108 F. App'x 307, 308–09 (6th Cir. 2004) (same, finding no private right of action under §§ 241 and 242 and that a "private citizen . . . has no authority to initiate a federal criminal prosecution"). The complaint therefore clearly fails to state a claim under 18 U.S.C. §§ 241 and 242.

Even if the Court liberally construes the complaint as asserting a claim under 42 U.S.C. § 1983, the factual allegations fail to support such a claim. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Wershe v. Combs*, 763 F.3d 500 (6th Cir. 2014) (*quoting Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010)). While it appears that Officer Block might be a police officer, who would be deemed a state actor, the plaintiff makes no showing that Agent Sonja or Greyhound is a state actor. *See Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) ("[S]imply alleging in a complaint that [a defendant] is a state actor . . . is no longer, if it ever was, sufficient to survive a motion to dismiss."); *Hill v. Lappin*, 630 F.3d at 470–71 (applying motion-to-dismiss standard to initial review of complaint under 28 U.S.C. § 1915(e)(2)). The complaint therefore fails to state a colorable claim under § 1983 against Agent Sonja or Greyhound.

Moreover, even if the Court were to presume that all three defendants acted under color of state law, the plaintiff has not alleged facts showing that his constitutional rights were violated. He alleges only that he was unable to hear the bus station call his bus, that he missed his bus, and that he was required to pay $20.00 to buy another bus ticket. These allegations do not implicate federal civil rights. The plaintiff further asserts that Officer Block was disrespectful, but again he does not allege any action that affirmatively violated the plaintiff's federal rights. The § 1983 claims will therefore be dismissed with prejudice.

The plaintiff has not asserted any other basis for federal jurisdiction. Insofar as the complaint may state supplemental state-law claims against the defendant, the Court declines to exercise jurisdiction over any such claims, since the federal claims will be dismissed. 28 U.S.C. § 1367(c)(3). The state-law claims will be dismissed without prejudice to the plaintiff's ability to raise the same claims in the appropriate state court.

An appropriate order is filed herewith.

                                                    *Todd Campbell*
                                                    Todd Campbell
                                                    United States District Judge